# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

MAURICE JACKSON,

        Plaintiff,

v.

ROBERT BUECHELE, *et al.*,

        Defendants.

Civil Action No. 18-17258 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendants Robert Buechele, Anthony Degner, Robert Chetirkin, Salvatore D'Amico, and Trevor Beatty's (collectively "Defendants") Motion to Dismiss Plaintiff Maurice Jackson's ("Plaintiff") Complaint pursuant to Federal Rule[1] of Civil Procedure 12(b)(6). (ECF No. 3.) Plaintiff opposed and filed a Cross-Motion for Leave to Amend. (ECF No. 8.) Defendants replied, and do not oppose Plaintiff's Cross-Motion.[2] (ECF No. 11.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court dismisses

---

[1] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] In fact, in a footnote in their reply brief, Defendants assert:

> If the Court would rather administratively terminate the pending motion to dismiss filed by State Defendants and have State Defendants answer or otherwise move against Plaintiff's Amended Complaint, State Defendants would not oppose. Nevertheless, State Defendants provide this brief in further opposition to Plaintiff's initial [C]omplaint.

(Defs.' Reply Br. 2 n.1, ECF No. 11.)

Plaintiff's Complaint, administratively terminates Defendants' Motion to Dismiss, and grants Plaintiff's Cross-Motion for Leave to Amend.

## I. Discussion

This case arises out of Plaintiff's employment with the New Jersey Department of Corrections ("NJDOC") at its Central Reception and Assignment Facility ("CRAF"). (Compl. ¶ 1, ECF No. 1.) Plaintiff is a Correctional Police Sergeant at CRAF and has worked for NJDOC since 2000. (*Id.* ¶ 11.) On December 16, 2018, Plaintiff filed the instant suit against Defendants alleging, *inter alia*, racial discrimination, hostile work environment, and retaliation in violation of the following: Title VII, 42 U.S.C. §§ 1981, 1983, and 2000e-2(a)(1), 3(a); the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 *et seq.* ("NJLAD"); and the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2 *et seq.* ("NJCRA"). (Compl. ¶¶ 40-69.)

"[Rule 15] embodies a liberal approach to pleading." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006). A party may amend its pleading once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

When deciding whether to grant a motion for leave to amend pursuant to Rule 15(a), "[a] general presumption exists in favor of allowing a party to amend its pleadings." *Del Sontro v. Cendant Corp. Inc.*, 223 F. Supp. 2d 563, 576 (D.N.J. 2002) (citing *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984), *cert. denied*, 469 U.S. 871 (1984)). Furthermore, Rule 15 requires that "the leave sought . . . be 'freely given [when justice so requires].'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he [or she] ought to be afforded an opportunity to test [the] claim on the merits." *Id.* Rule 15 "ensure[s] that an inadvertent error in pleading will not

2

preclude a party from securing relief on the merits of a claim." *Arthur*, 434 F.3d at 202 (citing *Foman*, 371 U.S. at 182).

Although Rule 15 requires that leave to amend be freely given, "a district court has the discretion to deny this request if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Here, the Court has no reason to believe there is any delay or bad faith motivation, nor does the Court find that amendment would be futile or prejudice Defendants. Rather, Defendants' Motion to Dismiss identified a deficiency in Plaintiff's Complaint, Plaintiff now seeks to cure that deficiency, and Defendants do not oppose. (Defs.' Reply Br. 2 n.1.) The Court, therefore, finds good cause to allow Plaintiff the opportunity to file an Amended Complaint.

## II. Order

Accordingly,

IT IS on this 8th day of August 2019 **ORDERED** that:

1. Plaintiff's Complaint (ECF No. 1) is dismissed, and Defendants' Motion to Dismiss (ECF No. 3) is **TERMINATED AS MOOT**.
2. Plaintiff's Cross-Motion for Leave to Amend (ECF No. 8-1) is **GRANTED**.
3. By **September 8th, 2019**, Plaintiff may file an amended complaint.
4. If Plaintiff fails to file an amended complaint by **September 8th, 2019**, the Court will dismiss the Complaint (ECF No. 1) with prejudice.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE